## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| MARIA GOMEZ, )  )<br>  Plaintiff, )  )<br>v. )  )<br>EXCLUSIVE FURNITURE )<br>MANAGEMENT CORP, )  )<br>  Defendant. )  ) | Civil Action No.: |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Maria Gomez ("Plaintiff" or "Gomez"), through the undersigned counsel, and files her Complaint and Demand for Jury Trial against Defendant, Exclusive Furniture Management Corp ("Defendant" or "Exclusive Furniture") and in support, states the following:

### NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended ("Title VII"), to redress Defendant's unlawful employment practices against Plaintiff. Defendant engaged in a pattern and practice of discrimination and the promulgation of a hostile work environment, intentionally and systematically, based on Plaintiff's sex and subjected Plaintiff to a severe and pervasive sexual harassment, and in retaliation for Plaintiff's complaints of severe and pervasive sexual harassment, which created a hostile work environment for Plaintiff leading to her constructive discharge.

### JURISDICTION AND VENUE

1. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's rights under Title VII.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

3. Plaintiff, Gomez, is a citizen of the United States, and is and was at all times material, a resident of the state of Texas, residing in Harris County.

4. Defendant, Exclusive Furniture, is a domestic for-profit corporation with its principal place of business in Missouri City, Texas.

5. Defendant does business in this judicial district, and Plaintiff worked for Defendant at its 631 Buffalo Lakes Dr #100, Missouri City, Texas location.

6. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On May 4, 2022, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on sex, sexual harassment, and retaliation.

9. Plaintiff's discrimination charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

10. On December 7, 2022, the EEOC issued to Plaintiff a Notice of Right to Sue.

11.     This complaint was filed within ninety (90) days of issuance of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

12.     Plaintiff began working for Defendant in January 2020.

13.     Plaintiff worked in a full-time capacity as an Office Assistant.

14.     Plaintiff's sex is female.

15.     Defendant is a furniture store.

16.     Plaintiff received no trainings or paperwork on sexual harassment during her employment.

17.     In February 2022, Plaintiff was working at Defendant's warehouse office when Domingo Sanchez entered the warehouse office and locked the door behind him.

18.     Domingo Sanchez was at all times relevant a Manager.

19.     Mr. Sanchez was visibly drunk at the time he entered Defendant's warehouse office.

20.     Mr. Sanchez told Plaintiff that he had liked her for a long period of time and "wanted her."

21.     Mr. Sanchez proceeded to put his hands on Plaintiff's shoulders and attempted to kiss Plaintiff.

22.     Plaintiff rebutted Mr. Sanchez's advances and ran out of the locked office as Mr. Sanchez again tried to kiss Plaintiff.

23.     Plaintiff immediately reported the sexual harassment to Juan Carlos.

24.     Juan Carlos was at all times relevant a Shift Leader.

25. Mr. Carlos informed Plaintiff that he witnessed the sexual harassment through the window.

26. Plaintiff was informed that Mr. Carlos reported the sexual harassment to Jonathan Lizcano.

27. Jonathan Lizcano was at all times relevant a Supervisor.

28. Plaintiff was informed that Mr. Lizcano reported the sexual harassment to Israel Yak.

29. Israel Yak was at all times relevant a Warehouse Manager.

30. Plaintiff was informed that Mr. Sanchez was suspended.

31. Plaintiff met with Ramona Roberts to inquire why Mr. Sanchez had only been suspended for a week and not fired.

32. Ramona Roberts was at all times relevant a Human Resources Manager.

33. Ms. Roberts informed Plaintiff that she was not unaware that Mr. Sanchez had sexually harassed Plaintiff and that Mr. Yak had only reported to Human Resources that Mr. Sanchez was drunk at work.

34. Later that day, a meeting was held, and Fauzia Kabani stated that she reviewed the security footage and believed Plaintiff's claims of sexual harassment, but Ms. Kabani stated that she could not terminated Mr. Sanchez's employment because he was drunk and did not know what he was doing.

35. Fauzia Kabani was at all times relevant an Owner.

36. Upon Mr. Sanchez's return to work, he pleaded with Plaintiff to say that nothing happened.

37. Plaintiff did not agree.

38. Subsequently, Plaintiff met with Defendant's management team to inform them that she would no longer work with Mr. Sanchez.

39. Defendant's response to was transfer Plaintiff, and not Mr. Sanchez, to different store location.

40. Upon transfer, Plaintiff's hours were reduced.

41. Based on Defendant's inaction and an intolerable hostile work environment predicated on severe and pervasive sexual harassment, Plaintiff was forced to tender her resignation.

42. Plaintiff has been damaged by Defendant's unlawful conduct.

43. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## **Count I: Sex Based Discrimination in Violation of Title VII**

44. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

45. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of Plaintiff's sex, female.

46. Defendant engaged in intentional sex discrimination in the terms and conditions of Plaintiff's employment, including, by not limited to, Plaintiff's constructive discharge.

47. Defendant's conduct violates Title VII.

48. Plaintiff has satisfied all statutory prerequisites for filing this action.

49. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to

depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

50. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**Count II: Sexual Harassment and Hostile Work Environment in Violation of Title VII**

51. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

52. Defendant subject Plaintiff to severe and pervasive sexual harassment.

53. Defendant's sexually harassing actions and comments created a hostile work environment.

54. The hostile work environment was objectively and subjectively offensive.

55. Despite Plaintiff's reporting the harassment, Defendant took no action to remedy the situation or prevent future harassment.

56. Defendant's conduct violates Title VII.

57. Plaintiff has satisfied all statutory prerequisites for filing this action

58. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

59. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count III: Retaliation in Violation of Title VII

60. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43 above.

61. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

62. Defendant engaged in intentional retaliation against Plaintiff for Plaintiff's participation in protected activity.

63. Defendant's conduct violated Title VII.

64. Plaintiff has satisfied all statutory prerequisites for filing this action

65. As a direct and proximate result of Defendant's unlawful and discriminatory retaliation in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

66. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count IV: Constructive Discharge

67. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-43, above.

68. Defendant deliberately created intolerable working conditions as it failed to provide a work environment free from discrimination, harassment, and hostility.

69. Defendant's actions were done with the intent to drive Plaintiff to resign as Defendant was repeatedly on notice of Plaintiff's complaints and failed to take remedial action.

70. Defendant's deliberate actions forced Plaintiff to resign from her position.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other, and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Eric Rogers**
Eric Rogers
Texas Bar No. 24110628
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499

eric.rogers@spielbergerlawgroup.com

*Counsel for Plaintiff*